IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FERDIE HEADLAM; ALI MUHAMMED; PRIAMO FERMIN; and MARIA GONZALEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>- against -<br><br>TWENTIETH CENTURY FOX FILM CORPORATION; ST. JAMES PLACE PRODUCTIONS, LLC; ROUGH HOUSE PICTURES, INC.; PTOWN PRODUCTIONS LLC; and JOHN DOES 1-20,<br><br>Defendants. | Civil Action No: 1:16-cv-01408<br><br>[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR AN ORDER PRELIMINARILY APPROVING THE CLASS AND COLLECTIVE ACTION SETTLEMENT AND CONDITIONALLY CERTIFYING THE CLASS FOR <u>SETTLEMENT PURPOSES ONLY</u><br><br>DEFENDANTS TWENTIETH CENTURY FOX FILM CORPORATION AND ST. JAMES PLACE PRODUCTIONS, LLC |

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/13/17

The above-entitled matter came before the Court on Plaintiff's Motion for an Order Preliminarily Approving the Class and Collective Action Settlement and Conditionally Certifying the Class for Settlement Purposes Only ("Preliminary Approval Motion") to fully and completely settle *Headlam et al. v. Twentieth Century Fox Film Corporation et al.*, United States District Court for the Southern District of New York, Civil Action No. 1:16-cv-01408 (the "Action") as to Defendants Twentieth Century Fox Film Corporation and St. James Place Productions, LLC. (the "Defendants"). The Defendants do not oppose this Motion. After reviewing the Preliminary Approval Motion along with supporting exhibits, the Memorandum of Law in Support of the Preliminary Approval Motion (the "Memorandum"), and the Declaration of Sara Wyn Kane ("Kane Decl."), the Court hereby finds as follows:

A. On ~~March~~ April 11, 2017, Plaintiffs submitted to the Court the Preliminary Approval Motion with respect to a proposed Joint Stipulation of Settlement and Release ("Settlement Agreement").

B. Plaintiffs seek, under Fed. R. Civ. P. 23, for settlement purposes only, certification of a class of Parking Productions Assistants ("PPAs"). The exact proposed class definition is set forth in the Settlement Agreement and repeated below. The class period is generally February 23, 2010 through the date the Preliminary Approval Order is entered.

C. Plaintiffs also seek, for all claims arising under the Fair Labor Standards Act ("FLSA"), collective certification, under 29 U.S.C. § 216(b), of a collective class of PPAs. The exact proposed collective is set forth in the Settlement Agreement and repeated below. The collective period is generally February 23, 2010 through the date the Preliminary Approval Order is entered.

D. NOW THEREFORE, after due deliberation and for good cause, this Court hereby ORDERS that:

1. Except as otherwise noted, all capitalized terms in this Order shall have the same meaning as set forth in the Settlement Agreement.

2. This Court has jurisdiction over the Parties and claims and preliminarily finds that the numerosity, commonality, typicality, and adequacy requirements of Rule 23(a), and the predominance and superiority requirements of Rule 23(b)(3), have been met and that class certification for purposes of approving the Settlement is warranted. Subject to further consideration and final approval, the Court hereby certifies the following Settlement Class for settlement purposes only:

> Any person (regardless of employment title) who provided parking production assistant services on or in connection with the filming of any Motion Picture as that term is commonly understood in the television and film industry (including but not limited to television shows/series, films or major motion pictures, shorts, commercials, videos, and internet media), from the date that is six years preceding the filing of the initial Complaint in the Action through the date of Preliminary Approval of this Settlement, produced, co-produced, executive produced, financed, co-financed, distributed, broadcast, or otherwise commercially exploited by Defendants or their Affiliates.

Additionally, for the reasons set forth in the submissions in support of this Preliminary Approval Motion, this Court conditionally finds that, for purposes of settlement only, a collective action under 29 U.S.C. § 216(b) is appropriate for all claims arising under the FLSA. The Court, therefore, hereby certifies the following FLSA collective action for settlement purposes only

> Any person (regardless of employment title) who provided parking production assistant services on or in connection with the filming of any Motion Picture as that term is commonly understood in the television and film industry (including but not limited to television shows/series, films or major motion pictures, shorts, commercials, videos, and

> internet media), from the date that is six years preceding the filing of the initial Complaint in the Action through the date of Preliminary Approval of this Settlement, produced, co-produced, executive produced, financed, co-financed, distributed, broadcast, or otherwise commercially exploited by Defendants or their Affiliates.

3. Certification of the class and collective action, specified in Paragraph 2, is solely for settlement purposes and is subject to the limitations and restrictions, and other rights, set forth in the Settlement Agreement (regarding, *inter alia*, the reservation of rights and the prohibition on citing or using this Order in the event the Settlement fails to achieve the Effective Date for any reason).

4. The Court finds that the Settlement Agreement is fair, reasonable, and adequate and should be preliminarily approved. The Settlement will ensure prompt payment to Settlement Class Members and avoids the risk and expense of continued litigation.

5. The Court has reviewed the Settlement Agreement, including the monetary relief provisions, the plan of allocation, and the releases of claims. Based on its review of the Settlement Agreement, the Memorandum, and the Court's familiarity with this case, the Court finds that the Settlement Agreement is the result of (a) extensive, arm's-length negotiations between the Parties, (b) following an extensive investigation of the claims and law, (c) by experienced counsel on both sides, (d) who were fully familiar with the strengths and weaknesses of the claims. Based on all of these factors, the Court finds that the Settlement Agreement has no obvious defects and is within the range of reasonableness and meets the requirements for preliminary settlement approval such that Notice to the Class as set forth in the Settlement Agreement is appropriate.

6. The Court preliminarily appoints Named Plaintiff Ferdie Headlam as the class representative, for purposes of settlement only, in the above-captioned Action. The class

representative, together with Class Counsel, is hereby authorized to act on behalf of himself and members of the Settlement Class, including all Participating Claimants, with respect to the Settlement.

7. The Court preliminarily approves Valli Kane & Vagnini LLP as Class Counsel, for purposes of settlement only, finding Robert J. Valli, Jr., Sara Wyn Kane & James A. Vagnini of Valli Kane & Vagnini are adequate to serve as Class Counsel.

8. The Court approves and appoints Kurtzman Carson Consultants LLC ("KCC") to serve as the Claims Administrator in accordance with the terms of the Settlement Agreement and this Order. The Claims Administrator shall administer distribution of the Notice and Claim Forms as set forth in the Settlement Agreement.

9. The Court approves as to form and content the proposed Notice, attached as Exhibit C to the Settlement Agreement, and finds it fully and accurately informs the Settlement Class Members of all material elements of the lawsuit and the proposed Settlement.

10. The Court further approves the proposed Reminder Postcard, attached as Exhibit G to the Settlement Agreement. The Reminder Postcard will further ensure that the Settlement Class Members are informed of the proposed Settlement in a timely manner.

11. The Court finds that the Settlement Agreement satisfies all the requirements for certification of a settlement class under Rule 23(a) and 23(b)(3) and that, additionally, a collective action under 29 U.S.C. § 216(b) is appropriate for all claims arising under the FLSA, both for settlement purposes only.

12. The Court approves the Notice plan specified in the Settlement, including the dissemination of the Notice via first class mail to the last known postal address of each Settlement Class Member along with email notice to those Settlement Class Members for whom

an email is available. The Claims Administrator will also maintain a website from which the Notice and Claim Form can be downloaded. The Court finds that this method of disseminating the Notice, as provided in the Settlement Agreement, is the best notice practicable under the circumstances and fully meets the requirements of federal law.

13. Within ten (10) Days of entry of this Order, the Defendants will provide the Class List (including contact information) described in the Settlement Agreement to the Claims Administrator.

14. Within thirty-seven (37) Days of entry of this Order, the Claims Administrator will mail and email the Notice to all Settlement Class Members.

15. Each Settlement Class Member shall have sixty (60) Days from the mailing and emailing of the Notice to submit a claim, pursuant to the procedures specified in the Settlement Agreement. (This deadline may be extended, as provided in the Settlement Agreement in cases where the Notice is returned as undeliverable but re-mailed to an updated address).

16. Each Settlement Class Member shall have sixty (60) Days from the mailing and emailing of the Notice to opt out of the Settlement pursuant to the procedures specified in the Settlement Agreement. Individuals may rescind their requests to opt-out as set forth in the Settlement Agreement.

17. Each Settlement Class Member shall have thirty (30) Days after the date on which the Notice is postmarked to submit an objection or other comment to the Settlement, pursuant to the procedures specified in the Settlement Agreement.

18. The Court will conduct a Fairness Hearing on September 19, 2017, at 9:00 [a.m./~~p.m.~~] to address: (a) whether the proposed Settlement Agreement should be finally

approved as fair, reasonable, and adequate; (b) Class Counsel's application for attorneys' fees and costs; and (c) Class Counsel's application for a Service Payment to the Named Plaintiff.

19. The dates of performance contained herein, or the Settlement Agreement, may be extended by Order of the Court or as agreed by the Parties (where allowed by the Settlement Agreement) without further direct mail or email notice to the Settlement Class.

20. Pending the Fairness Hearing, other than proceedings necessary to carry out or to enforce the terms and conditions of the Settlement, this matter is hereby stayed.

22. In the event this Order is entered, but the Settlement is terminated or fails to become final for any other reason (i.e., fails to achieve its Effective Date), this Order shall be automatically rendered void and of no further force or effect, except for Paragraph 3, which shall remain in full force and effect.

It is so ORDERED this 13th day of April, 2017.

*James C. Francis IV*
Hon. James C. Francis
United States Magistrate Judge