IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FERDIE HEADLAM; ALI MUHAMMED; PRIAMO FERMIN; and MARIA GONZALEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>- against -<br><br>TWENTIETH CENTURY FOX FILM CORPORATION; ST. JAMES PLACE PRODUCTIONS, LLC; ROUGH HOUSE PICTURES, INC.; PTOWN PRODUCTIONS LLC; and JOHN DOES 1-20,<br><br>Defendants. | Civil Action No: 1:16-cv-01408<br><br>**~~PROSPOSED~~ JUDGMENT AND FINAL APPROVAL ORDER** |

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: 
DATE FILED: 9/19/17

## PROPOSED JUDGMENT AND FINAL APPROVAL ORDER

The above-entitled matter came before the Court on Plaintiffs' Unopposed Motion for Final Approval of the Class and Collective Action Settlement ("Final Approval Motion"). After reviewing the Final Approval Motion and its supporting exhibits, the Memorandum of Law submitted concurrently therewith (the "Memorandum"), and the supporting declarations, the Court hereby finds and enters judgment as follows:

WHEREAS, Ferdie Headlam, Ali Muhammad, Priamo Fermin and Maria Gonzalez ("Plaintiffs") filed an action in the United States District Court for the Southern District of New York, Civil Action No. 1:16-cv-01408, captioned *Headlam et al. v. Twentieth Century Fox Film Corporation et al.* (the "Action"), alleging *inter alia* that Twentieth Century Fox Film Corporation and St. James Place Productions, LLC ("Defendants") violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* and Article 19 of the New York Labor Law ("NYLL"), §§ 190, 650 *et seq.*, and seeking to bring the Action as a class under FRCP 23 and a collective action under 29 U.S.C. 216(b) on behalf of all similarly situated parking production assistants;

WHEREAS, Defendants deny Plaintiffs' allegations on the merits and contend that Plaintiffs' claims are not suited for class and collective treatment, other than in the context of this proposed settlement;

WHEREAS, Class Counsel, on behalf of the Plaintiffs and the Settlement Class, and Defendants have executed a Joint Stipulation of Settlement and Release (the "Settlement" or "Settlement Agreement"), providing for the settlement of this Action subject to approval of the Court, entry of this final order/Judgment ("Judgment"), and occurrence of the Effective Date;

WHEREAS, the Court entered the **ORDER GRANTING PLAINTIFFS' MOTION FOR AN ORDER PRELIMINARILY APPROVING THE CLASS AND COLLECTIVE ACTION SETTLEMENT AND CONDITIONALLY CERTIFYING THE CLASS FOR SETTLEMENT PURPOSES ONLY** ("Preliminary Approval Order") on April 13, 2017, which, *inter alia*, (1) conditionally certified a Settlement Class and settlement collective solely for purposes of implementing the Settlement, (2) directed that notice of the proposed Settlement be given; and (3) scheduled a fairness hearing to determine whether the proposed Settlement is fair, just, reasonable and adequate;

WHEREAS, in accordance with the Preliminary Approval Order, notice of the Settlement was disseminated to Settlement Class Members in a timely manner advising them of the pendency and proposed settlement of the Action and of the opportunity to request exclusion from or object to or otherwise comment on the Settlement;

WHEREAS, approval of the Settlement will result in substantial savings in time and money for the parties and will further the interests of justice;

WHEREAS, the Settlement is the product of good faith, arms' length negotiations between competent and experienced counsel for both parties;

WHEREAS, Defendants do not oppose the Final Approval Motion;

WHEREAS, the Court held a fairness hearing on September 19, 2017;

WHEREAS, no one objected to nor opted out of the Settlement; and

WHEREAS, having reviewed and considered the Settlement Agreement and accompanying Exhibits, Plaintiffs' Unopposed Final Approval Motion, the Declaration of Sara Wyn Kane of Valli Kane and Vagnini LLP ("Class Counsel") and the exhibits thereto, including the Declaration of Derek Smith of KCC (the "Claims Administrator"), and other materials filed in support of Plaintiffs' Final Approval Motion, and otherwise being fully informed and having heard and considered the argument of counsel, and good cause appearing, and after due deliberation and consideration, the Court hereby makes the following findings and grants the relief set forth below, giving final approval to the Settlement Agreement upon the terms and conditions set forth herein and entering final judgment as follows:

**NOW, THEREFORE, IT IS HEREBY ORDERED that:**

1. This Judgment hereby incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms used herein shall have the same meanings as set forth in the Settlement Agreement.

2. The Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including the Settlement Class.

3. Based upon the standards applicable to certifying settlement classes and collective actions for settlement purposes only, the Settlement Class, as defined in the Settlement Agreement, is hereby established in the Action. The preliminary findings set forth in the Preliminary Approval Order are hereby adopted as the Court's final findings, and incorporated herein by reference.*

4. Ferdie Headlam, who has adequately represented the Settlement Class throughout these proceedings, is hereby appointed class representative of the Settlement Class.

5. Valli Kane & Vagnini LLP, experienced employment class counsel, who have demonstrated a commitment to the Settlement Class and the representation of their interests, is hereby appointed Class Counsel to represent the Settlement Class.

6. KCC LLC is hereby appointed the Claims Administrator.

7. The Notice provided to the Settlement Class included individual notice to all Settlement Class Members who could be identified with reasonable effort. Said Notice constitutes valid, due and sufficient notice to all Settlement Class Members, complying fully with the requirements of applicable law. The Court specifically finds that the Notice:

   a. Was simply written and readily understandable; and

*By consent of the parties, section 15.6 of the Settlement Agreement has been deleted.

b. Was reasonably calculated to fairly apprise Settlement Class Members of (i) the pendency of the Action, (ii) the allegations asserted therein, (iii) the Settlement Class definition, (iv) the terms of the proposed Settlement, including the way Settlement Class Members may receive benefits, (v) the maximum amount of attorneys' fees that would be sought by Class Counsel and the Service Payment for the Named Plaintiff, (vi) their right to object to or exclude themselves from the Settlement and the time and manner for doing so, (vii) their right to appear at the Fairness Hearing (either on their own or through counsel hired at their own expense) if they did not exclude themselves from the Settlement Class, and (viii) the binding effect of the Settlement and the expected Final Approval Order and Judgment affecting all Settlement Class Members who did not timely and validly request exclusion from the Settlement Class.

8. The Settlement is hereby approved in all respects. The Court finds that the Settlement is, in all respects, fair, just, reasonable and adequate to the Settlement Class Members, and satisfies the requirements of Fed. R. Civ. Proc. 23 and Section 216(b) of the FLSA. The Settlement confers substantial benefits on the Settlement Class Members without the risk and uncertainty of litigation. Settlement Class Members are recovering the equivalent of 100% of their alleged overtime damages and substantial relief on their other claims, after attorney fees, the service award, claims administration fees and costs, the reserve fund and employer payroll taxes are deducted.

9. No objections or requests for exclusion were filed/received. 58.36% of Settlement Class Members returned the Claim Form, which represents a substantial response from the Settlement Class.

10. The Settlement reflects a compromise and settlement of disputed claims and is not in any respect an admission or concession by any of the parties.

11. This Judgment and the incorporated Settlement fully resolves all claims to the extent of the releases provided, without costs (except as otherwise provided in the Settlement).

12. This settlement is the product of substantial, good faith, arms' length negotiations between Class Counsel and Defendants and is, in all respects, fair, just, reasonable and adequate to the Settlement Class.

13. Except for the obligations and rights created by the Settlement, by entry of this Judgment, upon the Effective Date, and there being no Opt Outs, all Settlement Class Members shall be bound by the Settlement and shall be deemed to have, and shall have, forever, finally and fully released Defendants, Defendants' Releasees, Defendants' Affiliates, Defendants' Affiliates' Releasees and all other Persons as to all of the Released

Claims, regardless of whether such Person is a Participating Claimant. The foregoing notwithstanding, and as noted in the Settlement Agreement, the definition of Released Claims does not include any claims, obligations, demands, actions, rights, causes of action or liabilities (such as the FLSA claims of Settlement Class Members who have not opted into the Action) that cannot be released as a matter of law.

14. The Court retains jurisdiction, without affecting the finality of this Judgment, over the implementation of this Settlement and any releases contained therein and all matters related or ancillary to the foregoing.

15. The parties and Claims Administrator are directed to implement the Settlement according to its terms and conditions.

16. Provided no appeal is timely filed from the Final Approval Order, the "Effective Date" means the later of (a) thirty (30) Days after the Court has entered the Final Approval Order, or (b) if the thirtieth Day following entry of the Final Approval Order falls on a weekend or holiday, the first court Day thereafter. If an appeal is timely filed, the "Effective Date" means the date of the latest of the following events to occur (as applicable): (1) all appeals from the Final Approval Order have been finally dismissed; (2) the Final Approval Order has been finally affirmed; (3) the time to petition for further review, to any appellate court, has expired; and (4) all petitions for review or for certiorari or for leave to appeal have been resolved. For the avoidance of doubt, the Effective Date shall occur when Settlement is final and no longer subject to further challenge by appeal to a higher court.

17. Defendants shall fund the QSF in accordance with the terms of the Settlement Agreement.

18. The Claims Administrator shall distribute the funds in the QSF in accordance with the terms of the Settlement Agreement, including by making the following payments:

   a. Service Payment of $2,500 to Ferdie Headlam;

   b. Paying Class Counsel one-third of the Gross Settlement Amount ($156,666,67);

   c. Paying the Claims Administrator $19,992;

   d. Paying the Participating Claimants in accordance with the allocation plan described in the Settlement Agreement and further explained in Exhibit C to the KCC Decl. annexed as Exhibit 2 to the Kane Decl.

19. Upon the Effective Date, *Headlam et al. v. Twentieth Century Fox Film Corporation et al.*, Case No. 1:16-cv-01408 shall be dismissed, with

prejudice, as against Defendants as defined herein and in the Settlement Agreement.

20. It is the intention of the Court that this Judgment approve and incorporate the terms of the settlement set forth in the Settlement Agreement. As such, to the extent not stated herein, this Judgment approves any and all provisions of the Settlement Agreement.

**IT IS SO ORDERED.**

9/19/17

James C. Francis IV

Hon. James C. Francis
United States Magistrate Judge